

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOSEPH D. WINSTON,

    Plaintiff,

v.                               Civil Action No. 3:07cv106

LAND TRANSPORTATION,
LLC, et al.,

    Defendants.

## MEMORANDUM OPINION

The matter is before the Court on Defendant's Motion To Prohibit Plaintiff From Introducing Evidence Of A Claim For Future Lost Wages Or Lost Earning Capacity (Docket No. 13). For the reasons set forth below, the motion will be granted.

## BACKGROUND FACTS

The plaintiff, Joseph D. Winston, was involved in an automobile accident on Interstate 295. After that accident, he and his passenger set out on foot to seek assistance. While making that journey along the side of Interstate 295, the plaintiff was struck by a tractor trailer truck which was driven by Nancy Baxter Wooton and owned by Land Transportation, LLC.

The Scheduling Order entered in this case required that fact discovery was to be concluded no later than 45 calender days before the commencement of trial and that all filing deadlines expired at

5:00 p.m. on the applicable date. A discovery plan which was approved by the Court provided that all discovery, fact and expert, was to be completed before July 30, 2007. Neither in making the disclosures required by Fed. R. Civ. P. 26 nor during the course of responding to the defendants' discovery, did the plaintiff assert a claim for lost future earnings or the loss of earning capacity. Then, on the afternoon of July 30, 2007, by facsimile time-stamped 5:33 p.m., plaintiff's counsel sent the defendants' counsel a "revised special damages report" which included a claim for lost wages from September 22, 2006 until the plaintiff's anticipated retirement date, November 6, 2050, in the amount of $779,960.00, thereby increasing by several fold the plaintiff's claim of special damages. The case is set for trial on September 10, 2007 before a jury.

The defendants argue that, under the Scheduling Order and the proposed discovery plan, the discovery filed on July 30, 2007 respecting the claims for lost future wages and lost earning capacity was untimely and prejudicial and seek exclusion of the evidence as a sanction for violating Fed. R. Civ. P. 37. In connection therewith, the defendants urge application of a test based on the decision in <u>Rambus, Inc. v. Infineon Technologies, AG</u>, 145 F.Supp.2d 721 (E.D. Va. 2001) and <u>Southern States Rack &</u>

2

<u>Fixture, Inc. v. Sherwin-Williams Co.</u>, 318 F.3d 592 (4th Cir. 2003) (adopting the test in <u>Rambus, Inc. v. Infineon Technogies, AG</u>).

Relying on several state law decisions, the plaintiff contends that claims for the loss of earning capacity need not be quantified. They also assert that statements in the plaintiff's medical records afford adequate discovery on that item of plaintiff's special damages.

## DISCUSSION

Fed. R. Civ. P. 26(a)(1)(C) provides for initial disclosures including:

> a computation of any category of damages claimed by the disclosing party, making available for inspection and coping under Rule Federal 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

When the plaintiff made his initial disclosures in this case, there was no claim for future lost wages or the loss of earning capacity.

During discovery, the defendants posited Interrogatory No. 14 which called upon the plaintiff to:

> [p]rovide a detailed, itemized list, giving names and addresses in each instance, of all damages, financial losses and/or expenses including lost wages and medically related bills, which you claim to have sustained and expect to prove at the trial of this action as damages caused by the defendant.

3

The plaintiff responded "see enclosed special damages."

The enclosed special damages report listed wages from American Coatings in the amount of $29,920.00. An updated version of that response was provided on May 16, 2007 and included a stated wage loss from American Coatings in the amount of $30,464.00. An updated claim, tendered on July 17, 2007, claimed a stated wage loss from American Coatings in the amount of $33,524.00. The total special damages claim articulated in the July 17 special damage update was $143,599.33. Then, on the day that discovery closed, when it was too late for the defendants to explore the issue further, the plaintiff increased his wage claim by adding a claim for lost future wages and the loss of earning capacity in the amount of $779,960.00.

The defendants first object to the disclosure as untimely because it was after 5:00 p.m. on the final day allowed for discovery. The 5:00 p.m. requirement relates to matters that are to be filed and discovery responses are not required to be filed. Accordingly, the "5:00 p.m." requirement in the Scheduling Order does not govern this situation.

Second, the defendants contend that the plaintiff has violated the requirements of Rule 26(a)(1)(C) by not disclosing this component of his damages as provided in that rule. The defendants are correct in that contention. The rule is quite clear that the

4

plaintiff must outline a computation of any category of damages that are to be claimed. Further, all documents respecting that category of damage must be produced for inspection and copying.

It is beyond question that the disclosures required by Rule 26 are the basis for the framing of further discovery requests by the adverse party. For example, confronted with a claim for special damages for lost future earnings and the loss of future earning capacity of several hundred thousand dollars, it is reasonable to believe that a defendant would conduct further discovery on that topic and would obtain experts of its own to meet such contentions. Without the disclosures having been made on the topic, there was no reason for the defendants to arrange for such discovery or to meet such evidence with experts of its own. Moreover, the supplementations made during the discovery period, at a time when further discovery could have been arranged, did not signal a claim of the sort manifested in the disclosure made at the end of the discovery period.

The plaintiff's contention that, under state law, the loss of earning capacity need not be particularized fails for two reasons. First, the disclosures required by Rule 26(a)(1)(C) are not governed by state law. They are controlled by the federal rule and, even if state law does permit an unquantified claim of that

ilk in state court, the federal rule requires otherwise when the claim is asserted in federal court.[1]

In any event, there has been a violation of Rule 26 and the question now becomes what, if any, sanction is appropriate to impose. The five factor test outlined in <u>Rambus, Inc. v. Infineon Technologies, AG</u> and approved by <u>Southern States Rack & Fixture, Inc.</u> is applicable to determine the propriety and kind of sanction.

The first factor to be assessed is whether the defendants were surprised by the new evidence. Here, that factor is satisfied. There is no doubt that the defendants were surprised by this belated, and quite significant, amendment to the damage contention of the plaintiff. In fact, they were led to believe, by the disclosures that were made, that the wage component of the plaintiff's special damages was actually quite modest.

The second factor is the ability of the surprised party to cure the surprise. Here, the discovery period is over, and there is no ability to cure the surprise by either taking depositions in respect of the contention or by preparing a case to counter the claim for the new damages.

---

[1] Furthermore, the defendants posed an interrogatory requiring quantification of all damage claims. The plaintiff did not object to that interrogatory and thus he was obligated to answer it. And, the answer was due in time to allow further follow up on the claim, especially where it was of such magnitude.

The third factor is the extent to which allowing the evidence would disrupt the trial. Here, to allow the new evidence would require a continuance in order to allow discovery and that would disrupt the trial.

The fourth factor is the explanation for the party's failure timely to disclose the evidence. Here, there is no explanation offered for the failure timely to disclose the evidence or the nature of this claim.

The fifth factor is the importance of the evidence. Quite clearly, the evidence is important. Indeed, it increases by several fold the quantum of special damages which the plaintiff is seeking.

It is also necessary for the Court to consider the availability of alternate sanctions. Those sanctions would include a continuance which is certainly not fair under the circumstances presented here where, the plaintiff knew, or should have known, that a claim of this sort was to be made or was available to be made and did not make it until the close the discovery period. Monetary sanctions will not alleviate the prejudice to the defendants by the surprise visited at the end of the discovery period. The only other practicable sanction is exclusion of the evidence for this component of the plaintiff's claim, and it is the proper remedy here.

## CONCLUSION

For the foregoing reasons the Defendants' Motion To Prohibit Plaintiff From Introducing Evidence Of A Claim For Future Lost Wages Or Lost Earning Capacity (Docket No. 13) will be granted.

The facts and legal contentions are adequately presented in the materials before the Court and oral argument would not aid the decisional process.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record by facsimile and regular mail.

It is so ORDERED.

                                        /s/
                              Robert E. Payne
                              Senior United States District Judge

Richmond, Virginia
Date: August 27, 2007